**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

UNITED STATES OF AMERICA,   )
   )
       Plaintiff,   )
   )
vs.   )   CRIMINAL NO. _26-cr-40038-SMY_
   )
ETHAN YATES,   )   Title 18, United States Code, Section 241.
   )
   )
       Defendant.   )

**FILED**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
Jul 14, 2026

## INFORMATION

### THE UNITED STATES ATTORNEY CHARGES:

### COUNT 1
### Conspiracy Against Rights
### 18 U.S.C. § 241

1.    From on or about July 31, 2025, through in or about November 2025, in Lawrence County, within the Southern District of Illinois, defendants

### ETHAN YATES,

together with other employees of the Illinois Department of Corrections, both known and unknown to the United States Attorney, who were Correctional Officers, Correctional Sergeants, and Correctional Lieutenants at Lawrence Correctional Center ("LCC"), did knowingly and willfully conspire, combine, confederate, and agree with one another, while acting under color of law as employees of the Illinois Department of Corrections, to injure, oppress, threaten, and intimidate an inmate identified herein as C.W. in the free exercise and enjoyment of rights secured to him by the Constitution of the United States, namely: the right to be free from cruel and unusual punishment; the right to be free from the use of unreasonable and excessive force; and the right to be free from deliberate indifference to serious medical needs, including the right to necessary medical evaluation and treatment for injuries sustained while in custody.

1

2. At all times relevant to this Information:

a. Lawrence Correctional Center (LCC) was a maximum-security state prison located in Sumner, Lawrence County, within the Southern District of Illinois.

b. Defendant **ETHAN YATES** was an employee of the Illinois Department of Corrections ("IDOC") with custody and control over inmates serving sentences at LCC within the meaning of 730 ILCS 5/3-1-2(d-5).

c. Correctional Officers were responsible for maintaining order, performing security and custodial duties, accurately documenting incidents involving staff or inmates, and ensuring the safety of inmates and staff.

d. Correctional Sergeants, including Co-Conspirator 6 (CC-6), provided direction to correctional officers, supervised inmate conduct, maintained facility standards, ensured compliance with disciplinary procedures and use-of-force policies, accurately documented incidents, and were responsible for the safety of inmates and staff.

e. Correctional Lieutenants, including defendant **ETHAN YATES,** supervised and counseled staff, inspected housing units, managed issues involving staff and inmates, accurately documented incidents, and were responsible for the safety of inmates and staff.

e. Inmate C.W. was serving a sentence at LCC under the care, custody, and control of the IDOC.

3. It was an object of the conspiracy for the defendant and co-conspirators to deprive C.W. of his Eighth Amendment right to be free from cruel and unusual punishment.

4. It was an object of the conspiracy for the defendant and co-conspirators to deprive

C.W. of his Eighth Amendment right to adequate medical care for serious medical needs.

5.     In furtherance of the conspiracy, on or about July 31, 2025, co-conspirators, while acting under color of law, restrained inmate C.W. in a transport chair with his legs shackled and his hands handcuffed behind his back, while transporting him from a general housing section to a segregation unit within LCC.

6.     It was further part of the conspiracy that during the process of restraining C.W., CC-6 struck C.W. twice in the body, causing bodily injury.

7.     It was further part of the conspiracy that during the transport, including in areas within view of security cameras and at interlocks known by IDOC employees to be outside camera coverage, co-conspirators struck inmate C.W. multiple times with closed fists to his body and head.

8.     It was further part of the conspiracy that at times during the transport of C.W., co-conspirators placed a "spit hood" over C.W.'s head, covering his eyes, nose, and mouth.

9.     It was further part of the conspiracy that, after arriving at the segregation unit, while inmate C.W. remained restrained in the transport chair with a spit hood over his head, co-conspirators brought him into a medical examination room known by IDOC employees to lack camera coverage. While in the medical examination room, a co-conspirator intentionally discharged pepper spray directly onto inmate C.W.'s groin area and the defendant and co-conspirators struck inmate C.W. additional times to his body and head, causing bodily injury including, among other injuries, a fractured orbital bone.

10.    It was further part of the conspiracy that, while in the medical examination room and while inmate C.W. remained restrained in the transport chair with a spit hood over his head, co-conspirators tilted him backward and poured water over the spit hood, causing inmate C.W. to experience a sensation of asphyxiation.

11. It was further part of the conspiracy that co-conspirators intentionally failed to intervene to prevent the unlawful assaults on C.W. described above.

12. It was further part of the conspiracy that, following assaults on C.W., and despite knowledge that inmate C.W. had sustained injuries requiring medical evaluation and treatment, the co-conspirators intentionally caused medical personnel to be falsely informed that inmate C.W. was refusing medical treatment, thereby preventing and obstructing necessary medical care.

13. It was further part of the conspiracy that co-conspirators prepared false and misleading reports concerning the force used against inmate C.W. and failed to prepare required reports regarding that force.

14. It was further part of the conspiracy that, in interviews conducted by the Illinois State Police in or about August 2025, co-conspirators provided false and misleading statements regarding the force used against inmate C.W.

15. It was further part of the conspiracy that on or about November 4, 2025, a co-conspirator who was to testify as part of the investigation of this matter provided false and misleading information to law enforcement, including a false retraction of a prior statement that he had witnessed CC-6 strike inmate C.W.

All in violation of Title 18, United States Code, Section 241.

STEVEN D. WEINHOEFT
United States Attorney

Kevin F. Burke
Assistant United States Attorney

Recommended Bond: Release on own recognizance.